UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Bach, | ) C/A No. 4:14-73-MGL-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| South Carolina Government, and | ) |
| Edward Chriscoe, Public Defender, | ) |
| Defendants. | ) |

This is a civil action filed by a pro se litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e), (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

### **BACKGROUND**

David Bach ("Plaintiff"), a resident of Little River, South Carolina, filed a Complaint in this court alleging he is being harassed by Horry County police, who allegedly follow him wherever he goes. Compl. 3, ECF No. 1. As relief, Plaintiff seeks to have a charge of "Burglary 3rd degree" expunged,[1] a $5,000,000.00 settlement[,]" and to have the court "remove the knoll prices of greed." Compl. 5. Plaintiff names the State of South Carolina and his public defender from the burglary

---

[1] According the Horry County (South Carolina) online criminal court records, Plaintiff was convicted of third-degree burglary on December 11, 2008, with Defendant Chrisco (proper spelling per Horry County records) listed as his defense counsel in Case No. J319829. He was sentenced to 18 months incarceration, suspended to two months incarceration and 18 months probation. http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails.aspx?County=26&CourtAgency=26001&Casenum=J319829&CaseType=C (last consulted March 10, 2014). *See also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record").

prosecution as the only Defendants.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint in this case is subject to summary dismissal.

## DISCUSSION

To the extent that Plaintiff sues the State of South Carolina seeking damages and expungement of an existing third-degree burglary conviction, his Complaint is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *Coll. Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *see also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99 n.9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code § 15-78-20(e) (expressly providing the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state); *see also McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (holding that South Carolina's abolishing sovereign immunity in tort "does not abolish the immunity that applies to all legislative, judicial, and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the

Eleventh Amendment.").

Additionally, Plaintiff has named public defender Edward Chrisco as a Defendant. Compl. 1. To the extent that Plaintiff seeks monetary or injunctive relief from Defendant Chrisco for unsuccessfully defending him against the charges, Plaintiff's Complaint is not properly before this court. Plaintiff's allegations do not include citations or references to any federal law or constitutional provision as the basis for his claims; however, to the extent that the minimal allegations could be liberally construed as an attempt to state a claim against the attorney for constitutional or federal law violations under 42 U.S.C. § 1983,[2] summary dismissal is required.

To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *see Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public

---

[2]No other potentially plausible basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). "The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

4

defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Defendant Chrisco, a court-appointed criminal defense attorney, did not act under color of state law in connection with his legal representation of Plaintiff. Therefore, Plaintiff's Complaint fails to state a plausible § 1983 claim against Defendant Chrisco.

Furthermore, liberally construing the minimal allegations in Plaintiff's Complaint as an attempted legal malpractice (also known as legal negligence) claim does not save this case from summary dismissal. In the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not be considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C.1993)(legal malpractice case heard in state court).

It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because both Plaintiff and Defendant are residents of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). Because this court cannot exercise its diversity jurisdiction in thiAs case, no plausible legal malpractice claim against Defendant Chrisco is stated by Plaintiff's allegations.

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

*[signature]*

March 10, 2014                                         Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).